1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HONGYU DAI,                        No. 2:23-cv-01402-DJC-AC

12              Plaintiff,

13        v.                            ORDER

14   UR M. JADDOU, *Director, U.S.*
     *Citizenship and Immigration Services*
15

16              Defendant.

17        Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction.  For

18   the reasons below, the Court agrees that Plaintiff's claims are barred by 8 U.S.C.

19   § 1252(b)(9) which precludes a federal district court from reviewing decisions related

20   to immigration removal proceedings.  Accordingly, Defendant's Motion to Dismiss is

21   GRANTED.

22   **I.      Background**

23        Plaintiff Hongyu Dai is a Chinese national who has been residing in the United

24   States as a Permanent Resident pursuant to an EB-5 visa.  (First Am. Compl. ("FAC")

25   (ECF No. 13) ¶¶ 1, 9, 16–18).  Consistent with the requirements of EB-5, two years after

26   initial approval Plaintiff filed a Form I-829 with the United States Citizenship and

27   Immigration Service ("USCIS") to remove the conditions on his Permanent Resident

28   status by verifying satisfaction of the conditions of his visa.  (*Id.* ¶¶ 17–20.)  Plaintiff's I-

                                      1

829 was denied, (*id.* ¶ 21), which triggers USCIS to issue a Notice to Appear and initiate removal proceedings.  *See* 8 C.F.R. § 216.6(d)(2).

Plaintiff appealed the denial of the I-829 to USCIS's Administrative Appeals Office ("AAO").  (FAC ¶ 25.)  Plaintiff originally brought this suit alleging that his appeal was unreasonably delayed.  (*See generally* Compl. (ECF No. 1).)  However, after filing, the AAO issued a decision denying his appeal and affirming the I-829 denial.  (FAC ¶¶ 26–27.)  Plaintiff now alleges that the AAO's decision is arbitrary and capricious in violation of the Administrative Procedure Act ("APA").  (*Id.* ¶¶ 28, 31.)

Defendant, the Director of USCIS, filed a Motion to Dismiss the FAC asserting that 8 U.S.C. § 1252(b)(9) bars the Court from exercising jurisdiction over Plaintiff's claim, and that the claim is not reviewable under the APA because it is nonfinal.  (Mot. to Dismiss ("MTD") (ECF No. 15) at 1.)  Plaintiff has opposed this Motion (Opp'n (ECF No. 21)) and Defendant has filed a Reply (ECF No. 22.)  This matter is now fully briefed and was submitted upon the record and briefs of the Parties, without oral argument, pursuant to Local Rule 230(g).  (ECF No. 24.)

## II.    Legal Standard for Motion to Dismiss

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) jurisdictional attack may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a facial attack, the challenger takes the allegations in the complaint as true, but challenges whether those allegations are sufficient to invoke jurisdiction.  See *id.* at 1039.  By contrast, in a factual attack the challenger disputes the "truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "When a factual attack is mounted, the responding party 'must support her jurisdictional allegations with "competent proof" . . . under the same evidentiary standard that governs in the summary judgment context.'"  *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964–65 (9th Cir. 2020) (citations omitted).  Ultimately, under either standard, "the party asserting federal jurisdiction

1  bears the burden of proving the case is properly in federal court." *In re Ford Motor*

2  *Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

3  **III.   Discussion**

4      By asserting that Plaintiff's claims are jurisdictionally barred by 8 U.S.C.

5  § 1252(b)(9), Defendant mounts a facial attack to jurisdiction.  *See Jian Wang v. Wolf*,

6  511 F. Supp. 3d 1060, 1066 (C.D. Cal. 2021).  Accordingly, the Court assumes

7  plaintiff's factual allegations to be true and draws all reasonable inferences in his

8  favor.  *Id.* (quoting *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004), *overruled on*

9  *other grounds as recognized by Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th

10  977, 981 (9th Cir. 2024)).

11      Section 1252(b)(9) expressly precludes judicial review of "all questions of law

12  and fact, including interpretation and application of constitutional and statutory

13  provisions, arising from any action taken or proceeding brought to remove

14  an alien from the United States under this subchapter."  8 U.S.C. § 1252(b)(9).  The

15  Ninth Circuit has broadly interpreted this section to mean "that *any* issue–whether

16  legal or factual–arising from *any* removal-related activity" is precluded from review in

17  the federal district courts.  *See J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016)

18  (emphasis in original).  Section 1252(b)(9) "swallows up virtually all claims that are tied

19  to removal proceedings" and channels them through the administrative removal

20  process.  *See id.*; 8 U.S.C. § 1252.  Removal related claims are only judicially

21  reviewable after issuance of a final order of removal, and only by the relevant circuit

22  court.  *J.E.F.M.*, 837 F.3d at 1031.  The denial of an I-829 petition is an action taken to

23  remove an alien within the scope of section 1252.  *See Li v. United States Citizenship &*

24  *Immigr. Servs.*, No. 5:21-CV-01259-AB-SHK, 2021 WL 6882637, at *2 (C.D. Cal. Dec. 2,

25  2021).  Upon denial of an I-829 petition, permanent residence status is terminated and

26  a Notice to Appear issues which commences removal proceeding.  *See id.*; 8 C.F.R.

27  § 216.6(d)(2).

28  *////*

Despite Plaintiff's attempts to excise his claim from the grip of section 1252 by challenging only the denial of his I-290B appeal, Plaintiff's claim is fundamentally an indirect challenge to the underlying I-829 denial.  Plaintiff appears to acknowledge that a direct challenge to the denial of the I-829 would be barred by section 1252, but argues that he may challenge the AAO's discrete decision to affirm the denial of the I-829.  (*See* Opp'n at 2 ("Perhaps if Mr. Dai was challenging his Form I-829 denial, USCIS's arguments may prevail, but Mr. Dai is challenging the denial of his Form I-290B administrative appeal."); FAC ¶ 30 ("The AAO's decision affirming USCIS's denial of Mr. Dai's Form I-829 is a final agency action that aggrieved him.").)  While questions which are "collateral to, or independent of, the removal process" remain reviewable by a district court where otherwise proper, "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to . . . removal, it is prohibited . . . ."  *J.E.F.M.*, 837 F.3d at 1032 (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)).  Although the AAO's affirmation may be a technically separate action, the decision is "inextricably linked" to the procedure and substance of the I-829 denial.  Plaintiff's I-290B appeal sought to overturn USCIS's determination on the I-829 which would have directly impacted the removal proceedings.  Because of the direct nexus between the I-829 denial and the I-290B denial, there is no way to consider the AAO's action without invoking the I-829 denial and the removal proceedings themselves.  Thus, Plaintiff's claim arises from "an action taken . . . to remove an alien" which this Court has no jurisdiction to review.

Further, the AAO's affirmation of the I-829 denial is not a final agency action that is judicially reviewable by any court.  The APA only permits judicial review of "final" actions.  5 U.S.C. § 704.  An agency decision is not final and reviewable where the plaintiff maintains a right to renew their challenge in an administrative proceeding. *Cabaccang v. U.S. Citizenship & Immigr. Servs.*, 627 F.3d 1313, 1316 (9th Cir. 2010). The denial of a Form I-829 is subject to review in removal proceedings.  *See Hui Ran*

4

*Mu v. Barr*, 936 F.3d 929, 931 (9th Cir. 2019) ("[An alien] may request review of the denial [of the I-829] in his or her removal proceedings."); 8 C.F.R. § 216.6(d)(2); 8 U.S.C. § 1186b(c)(3)(D).  Here, because Plaintiff may request further review of the denial of the I-829 during his removal proceedings – and the Immigration Judge therefore has the ability to effectively overturn the AAO's decision to affirm the I-829 denial – the AAO's decision did not result in a final agency action.  "It is immaterial that this further review takes place in a different agency within a different executive department." *Cabaccang v.*, 627 F.3d at 1316.  Accordingly, the AAO's decision is not reviewable independent of the Court's determination that the claims are jurisdictionally barred by section 1252.

        Because the Court has no jurisdiction to review the AAO's decision, it must dismiss Plaintiff's claim.  There are no set of facts which could remedy the jurisdictional bar presented by section 1252.  Further, if Plaintiff receives a reviewable final order of removal, it will be routed to the Ninth Circuit, not this Court.  Thus, amendment would be futile, and the claims are hereby dismissed with prejudice.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (denial of leave to amend appropriate where amendment would be futile).

**IV.    Conclusion**

        For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 15) is GRANTED and Plaintiff's FAC is dismissed with prejudice.

        The Clerk of Court is directed to close this case.

        IT IS SO ORDERED.

Dated:   **March 26, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – Dai23cv01402

5